UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,                                    Case No. 14-10359
                                                       Honorable Thomas L. Ludington

v.

TIFFANY L. LETTS,

              Defendant.

_____/

**ORDER DENYING MOTION FOR EXTENSION
AND DIRECTING GOVERNMENT TO SHOW CAUSE**

On January 24, 2014, the United States filed a civil complaint against Tiffany Letts, alleging that Letts owes over three thousand dollars in past-due debt. *See* Pl.'s Compl. 1, ECF No. 1. A summons was issued for Letts on January 27, 2014, but since that date there has been no action in the case—until now. On May 21, 2014, the government filed a motion to extend the time for serving the summons and a copy of the complaint. The motion will be denied, and the government will be ordered to show cause why proper service has not been achieved.

Federal Rule of Civil Procedure 4 requires a court, "on motion or on its own after notice to the plaintiff," to dismiss an action without prejudice if "a defendant is not served within 120 days after the complaint is filed . . . ." Fed. R. Civ. P. 4(m). Of course, the Rule allows a plaintiff to "show[] good cause for the failure," in which case "the court must extend the time for service for an appropriate period." *Id*. Establishing good cause is the government's responsibility in this case and "necessitates a demonstration of why service was not made within the time constraints." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)).

The government filed its motion to extend the time limits for service 117 days after filing the complaint; thus, at the time the government filed the motion, the window for service provided by Rule 4 had yet to close.  In the motion, the government indicates that it "acted diligently in attempting to properly serve" Letts.  Pl.'s Mot. 2, ECF No. 3.  To that end, the government merely claims that upon issuance it "immediately placed the Summons and Complaint in the hands of its process server."  *Id*. at 1.  The government then vaguely alleges that it "has been unable to serve [Letts].  All attempts to serve [Letts] have been unsuccessful." *Id*.  The government does not say why.

The government does indicate that it "has possibly located the current address for [Letts] and attempts are being made."  *Id*.  Attempts at what remains unclear, but the Court presumes the government means attempts are now being made to serve Letts at the newly-discovered address.

But with its motion the government made no attempt, however minor, to "demonstrate[e] . . . why service was not made within the time constraints."  Indicating that service has not been achieved simply will not suffice.  So the government has not satisfied its burden of demonstrating good cause for its failure to effectuate proper service.  *See Walker v. Donahoe*, 528 F. App'x 439, 441 (6th Cir. 2013) (affirming dismissal, without prejudice, where plaintiff "gave no valid reason to explain her failure to complete service" and therefore "had not established good cause to excuse her failure").

Notably, the Court is not yet able to dismiss this case on its own.  For that, the government must have previously received notice of the Court's intention to do so.  So let this Order do just that; the government is on notice that if it does not show cause why proper service was not achieved, this case will be dismissed without prejudice pursuant to Rule 4(m).

Accordingly, it is **ORDERED** that the government's motion to extend the time for service, ECF No. 3, is **DENIED**.

It is further **ORDERED** that the government is **DIRECTED** to show cause, in writing, good cause for its failure to effectuate proper service.  This is due no later than **June 6, 2014**.  If the government fails to show cause by that date, this case will be dismissed without prejudice.

Dated: May 28, 2014                                      s/Thomas L. Ludington
                                                         THOMAS L. LUDINGTON
                                                         United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 28, 2014.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS