UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                             Case No. 14-10359
                                           Honorable Thomas L. Ludington

v.

TIFFANY L. LETTS,

        Defendant.
_____/

**ORDER DISMISSING SHOW CAUSE ORDER AND
EXTENDING TIME FOR SERVICE**

The United States filed a civil complaint against Tiffany Letts alleging that she owes debts that are now past-due. The government filed the complaint on January 24, 2014, and a summons was issued on January 27, 2014. Then, on May 21, 2014, the government filed a motion to extend the 120-day period for serving the summons and a copy of the complaint on Letts.[1]

In its motion, the government made a modest attempt to demonstrate why proper service had not been achieved within the 120 days provided by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m). Indeed, the government explained that "[a]ll attempts to serve the Defendant have been unsuccessful." Pl.'s Mot. 1, ECF No. 3. Because this effort fell far short of the government's burden to demonstrate good cause for the failure to effectuate timely service, *see Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006), and because without good cause or timely service an action *must* be dismissed, *see* Fed. R. Civ. P. 4(m), the Court directed the government to show cause why service had not been achieved or face dismissal without prejudice. *See* May 28, 2014 Order, ECF No. 4.

---

[1] This 120-day period expired on May 27, 2014.

The government responded to the show cause order and outlined both its previous efforts to serve Letts and its anticipated efforts going forward. *See* Pl.'s Resp., ECF No. 5. The government represented in its original motion that it placed the summons and a copy of the complaint "in the hands of its process server" immediately after receiving the summons on January 27, 2014. Pl.'s Mot. 1. In its subsequent response to the show cause order, the government explains what happened next: "On January 28, 2014, the Summons and Complaint were sent out for personal service to County Civil Process, requesting service on the defendant at her home address . . . ." Pl.'s Resp. 1. When the occupant of that original address—and the surrounding neighbors—confirmed that Letts was not a resident there, the government "searched for a new address" for Letts, and eventually, it "found" one. *Id.* at 2.

After discovering this second address, the government "sent out an Address information request form to the U.S. Post Office[,]" and "the address information request form was returned to [the government] stating 'not known at given address'." *Id.* So the government searched for, and found, a third address for Letts. The government subsequently "sent the Summons and Complaint via Certified Mail" to Letts at this third address. *Id.* Just under three weeks later, the government "checked on the status of the Certified mail," which indicated "Notice Left (No authorized recipient available)." *Id.* The government represents it will continue to attempt to complete service upon Letts, and requests additional time to do so.

As noted by the Court in the May 28, 2014 Order to Show Cause, a court "must extend the time for service for an appropriate period" if "the plaintiff shows good cause for the failure" to effectuate timely service. Fed. R. Civ. P. 4(m). Demonstrating good cause is thus the government's burden, and "necessitates a demonstration of why service was not made within the time constraints." *Nafziger*, 467 F.3d at 521 (citation omitted).

With its response to the show cause order, the government has described why service has not been achieved: it cannot locate Letts's current address despite its efforts to do so. To that end, the government has attempted to serve Letts at two different locations, and it inquired of the United States Post Office whether she lived at a third. Thus the government has shown good cause to excuse its failure to effectuate timely service, and this Court must grant an appropriate extension for additional time to do so.

Accordingly, it is **ORDERED** that the Order to Show Cause, ECF No. 4, is **DISMISSED.**

It is further **ORDERED** that the government's time for service is **EXTENDED**. The government will have an additional 90 days, or until **August 25, 2014**, to effectuate service on Letts.

Dated: June 5, 2014                                s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 5, 2014.
                    s/Tracy A. Jacobs
                    TRACY A. JACOBS

---